Larry D. TALLACUS, Plaintiff–
Appellant,

v.

Kathleen SEBELIUS, Secretary, De-
partment of Health and Human
Services, Defendant–Appellee.

No. 12–35046.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2013.

Filed May 29, 2013.

William Richard Goode, Esquire, Attor-
ney at Law, Tampa, FL, for Plaintiff–
Appellant.

Katherine C. Lorenz, Assistant U.S. At-
torney, Kelly A. Zusman, Assistant U.S.
Attorney, Office of the U.S. Attorney,
Portland, OR, for Defendant–Appellee.

Before: KOZINSKI, Chief Judge, and
BERZON and HURWITZ, Circuit Judges.

MEMORANDUM *

Larry D. Tallacus appeals from a judg-
ment entered against him after a jury trial
and an order denying his motion for a new
trial. We affirm.

1. Tallacus had the burden of demon-
strating that the district court had juris-
diction over his breach of contract claim.
*See Kokkonen v. Guardian Life Ins. Co. of*

*Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128
L.Ed.2d 391 (1994). He did not do so.

Little Tucker Act jurisdiction in a feder-
al district court requires a claim against
the Government of contract-based dam-
ages not exceeding $10,000. *See* 28 U.S.C.
§ 1346(a)(2). The complaint did not allege
that Tallacus had incurred any legally cog-
nizable damages for the agency's alleged
breach of a settlement agreement. Nor
did Tallacus seek to amend his complaint
to allege damages. To the degree the
complaint can be read as alleging damages
to be incurred in the future, and without
deciding whether such an allegation is suf-
ficient, the complaint does not state that
any such damages would be for $10,000 or
less, or waive any damages over $10,000.
*See United States v. Park Place Assocs.,*
563 F.3d 907, 928 (9th Cir.2009).

2. Substantial evidence supported the
conclusion of the Merit Systems Protection
Board that Tallacus's responsibilities un-
der his former position "were insufficient
to justify a fulltime [position]." *See* 5
U.S.C. § 7703(c); *Romain v. Shear,* 799
F.2d 1416, 1421 (9th Cir.1986) (per cu-
riam). Under our deferential standard of
review, *see Romain,* 799 F.2d at 1421, we
affirm that conclusion.

3. Tallacus has not met his burden of
establishing prejudice from the district
court's exclusion of evidence concerning
his reassignment to his former position.
Because the jury could have inferred with-
out those exhibits that the agency implicit-
ly admitted some mistake in undoing the
prior reduction in force (RIF), it was not
"more probabl[e] than not" that exclusion
of the exhibits at issue "tainted the [jury's]

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

by 9th Cir. R. 36–3.

verdict." *See Engquist v. Or. Dep't of Agric.,* 478 F.3d 985, 1009 (9th Cir.2007).

4. Nor has Tallacus demonstrated prejudice from the admission of testimony about RIFs in Alaska. The witness told the jury not only how she carried out RIFs generally, but also how she carried out Tallacus's RIF in Portland.

5. Tallacus did not object to the jury instruction about which he now complains. We therefore review only for plain error. Fed.R.Civ.P. 51(d)(2). There was none; the challenged portion of the instruction accurately stated the scope of the claims before the jury.

6. Because "the jury's verdict was [not] against the clear weight of the evidence," the district court did not abuse its discretion in denying Tallacus's Rule 59 motion for a new trial. *Tortu v. Las Vegas Metro. Police Dep't,* 556 F.3d 1075, 1083 (9th Cir. 2009) (internal quotation marks omitted). A reasonable jury could credit the agency's reasons for eliminating Tallacus's position, and could also rely on the agency's evidence of budget shortfalls and insufficient workload as refuting any inference of a discriminatory motive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.